**Application of.LIPPOLD.**

**Patent Appeal No. 5019.**

Court of Customs and Patent Appeals.
July 3, 1945.

Norman E. H. Deletzke, of Chicago, Ill., for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

BLAND, Associate Judge.

Having allowed claims 13 and 14 (all the claims in the case except those involved in this appeal), the Primary Examiner of the United States Patent Office rejected claims 12, 15, 16, 17, and 18 of appellant's application for a patent in view of the prior art cited, and his decision was affirmed by the Board of Appeals. From the decision of the latter, appellant here petitions for its review.

Claim 12, in view of explanations hereinafter made as to the nature of the other claims, is regarded as sufficiently illustrative and follows:

"12. Article handling apparatus comprising the combination with a suitable support and a turntable rotatable thereon, of a pair of star wheels located symmetrically with reference to a radius of said turntable for the loading and unloading of work, said star wheels having work-receiv-

ing pockets opening toward the direction of star wheel rotation, and driving shafts for said star wheels upon which said star wheels are invertably mounted to be operative for loading or unloading according to the direction of rotation of the shafts."

The references relied upon are:

Malmquist, 1,643,990, October 4, 1927.
Meyer, 1,870,373, August 9, 1932.
Fagan et al., 1,966,889, July 17, 1934.
Gladfelter, 2,013,144, September 3, 1935.
Regan, 2,081,208, May 25, 1937.

The involved application, which is a division of another application which has ripened into a patent, discloses a complicated bottle filling and capping mechanism. For the most part the machine consists of a great number of elements which are old in the art, and the alleged invention of the appealed claims is concerned only with the particular apparatus by which the bottles are transferred to and from the filling and capping device. By a conveyor, the bottles are delivered to a star wheel, which feeds the bottles to the large filling turret. After passing almost completely around this large turret, the bottles are intercepted by another star wheel, which transfers them to a capping mechanism, whence they are removed by a third star wheel and returned to the conveyor. The filling turret, capping device, and the three star wheels are all driven by a single chain which passes over an adjustable idler sprocket, the action of which sprocket tensions the chain. The elements above referred to are so arranged that the direction of rotation may be reversed. In reversing the same, the star wheels are reversed to provide for feeding in a new direction. That is to say, the machine, by such reversal is transformed from a left-handed machine to a right-handed machine. It is fed with the bottles, and the bottles are removed from the left side of the machine, or, after the adjustments are made, this action may take place on the right-hand side of the machine. All of this action takes place by the use of a single drive chain, and it is claimed by appellant that this particular arrangement results in a proper "timing and synchronized operation and relative motion of each of the five transfer elements" irrespective of the wear and tear on the driving and driven parts. Appellant alleges that this is an improvement over the art, since in the conventional type of bottle filling and capping ma-

chines, consisting of a train of gears and pinions, the normal wear and tear destroys the critical time relation of the parts.

Claims 12 and 17, which are directed to the invertibility of the star wheel adjacent the turntable, whereby it can be loaded and unloaded depending upon the rotation of the star wheel, were rejected by the examiner upon the patent to Gladfelter. The Gladfelter device much resembles the one of the present application and is designed for right-hand or left-hand operation. Gladfelter's specification states:

"The problem then of converting the machine from a left-hand feed resides in moving the bottle infeed timing mechanism shown at one end of the machine of Figure 1 to the other end thereof, and in correspondingly transporting the infeed and outfeed guards, valve, and safety devices. * * *

"All of the parts adjacent the discharge end of the machine shown in Figure 1 are similarly formed, so that they may be inverted and used at the other end of the machine of that figure, if the feed is to be reversed in direction. Similarly, the infeed and outfeed spiders may be turned over, so that the pockets formed therein will cooperate with bottles moving in either direction.

"It should be noted that all of the parts which are affected by the direction of movement of bottles through the machine are double based, so that they may be assembled in two operative positions, depending upon the direction of feed of the machine."

After pointing out these statements in the Gladfelter patent, the examiner stated:

"With reference to the drawings it is noted that patent drawings are not necessarily drawn to scale. In addition in inverting the star wheels in Gladfelter as shown on the drawings the three bolt holes will line up and it is only necessary to rotate the shaft slightly. Finally it is noted that the limitation "invertibly mounted" fails to define any structure to patentably distinguish from Gladfelter."

There was some dispute at oral argument about the examiner's statement with reference to the lining up of the bolt holes, but in view of our conclusion and that of the board, we do not regard this as a matter of importance.

On this phase of the case, the board said:

"* * * He [appellant] urges also that this could not be easily corrected by simply changing the position on the supporting spindle in view of the timing of the apparatus associated therewith. We believe that such reasoning is not warranted inasmuch as the showing in Figure 1 of Gladfelter of the supporting bolts is not necessarily accurate and, in fact, is not important. The draftsman was only concerned to position three supporting bolts on the spider and even if they were improperly placed there is no reason to assume that Gladfelter, who is concerned directly with the same problem as appellant, would follow minutely the exact arrangement of bolt holes in Figure 1. But independently, appellant argues that Gladfelter intended not only to invert the star wheels 22 and 27 when converting the Gladfelter type of bottle handling machine from right hand to left hand operation, but also intended to interchange the star wheels. Whatever the intention of the patentee we do not find that appellant has a patentable distinction in Claims 12 and 17 over Gladfelter."

We are in agreement with the holding of the board as to claims 12 and 17 and concur with it in the view that in the light of suggestions in Gladfelter and the structure shown in that patent, the appealed claims, with respect to the matter now under discussion, do not define patentable distinction over the Gladfelter patent.

Claim 16 was rejected on the patent to Fagan et al. There is no dispute about what that patent shows and if the patent is a proper reference we have no doubt that claim 16 defines nothing inventive over it. This is not seriously controverted by appellant. The particular limitations of this claim over claim 12 are not material in view of what is to follow hereinafter.

The real contention with respect to the rejection of claim 16 on the Fagan et al. patent is that during the prosecution of the case appellant filed, at different times, certain affidavits, under Rule 75 of the Rules of Practice in the United States Patent Office, 35 U.S.C.A.Appendix, in an attempt to overcome the Fagan et al. patent as a reference. It would unduly lengthen this opinion to state fully the subject matter of the affidavits or all the facts concerning them. The first affidavit of appellant, however, was rejected upon the ground that it was insufficient to overcome the reference since "it failed to set forth the facts". Appellant then filed a second affidavit to the effect that he made and tested a device conforming to the application and the drawings thereof on or before the filing date of the Fagan et al. patent. This affidavit was also rejected. After taking an appeal to the board, appellant filed a third affidavit by one Fielder, an allegedly disinterested witness, and the case was remanded to the examiner. The examiner did not change his conclusion, however, and the rejection of claim 16 on the Fagan et al. patent was permitted to stand.

Before the board appellant contended, as he does here, that the affidavits were sufficient to overcome the reference. The action of the examiner with reference to the said affidavits was approved by the board with the statement:

"* * * This affidavit is to the effect that one H. S. Fielder witnessed a successful operation and demonstration of an experimental full-sized bottle filler and capper constructed in accordance with the drawings of the present application and enumerates various elements of the machine. In accordance with the doctrine in Ex parte Donovan, discussed in the record, it is for this Office to observe the physical exhibits to show prior completion of an invention, and therefore, we do not consider the affidavit satisfactory.

"Appellant urges that Ex parte Donovan is a very old decision and he has complied with Rule 75 which has not been changed in accordance with Ex parte Donovan. However that may be, the Donovan practice still is used in this Office."

Appellant here takes the position that Rule 75 does not require a more detailed showing as to appellant's earlier construction than that stated in said affidavits, and that:

"* * * appellant was never requested by the Examiner or the Board of Appeals to submit either the original model or working drawings of his invention or duplications thereof. Had the Examiner desired to see such original model or working drawings, it may have been impossible for the appellant to submit the same; however, they were not requested by the Examiner, as the record clearly shows."

It is the position of the Solicitor for the Patent Office, supporting the decision below on this phase of the case, that it is not the province of the examiner to *request* a certain state of facts to be stated, but that he is to judge the facts as they

are presented, and that to submit affidavits as to the conclusions of witnesses as to what they saw many years prior, instead of showing models, drawings, or other facts from which the Patent Office can determine for itself whether or not the structure was in accordance with the disclosure of the patent application, is not a proper compliance with Rule 75.

This is a procedural matter in the Patent Office. Assuming, without holding, that we have jurisdiction to pass upon the matter, and even if appellant in his reasons of appeal had specifically assigned error on the failure of the board to *request or cause to be requested* drawings and specifications, we are not convinced that the position taken by the Patent Office with respect to said affidavits was erroneous. It would seem to be a dangerous procedure to permit witnesses, even though one of these be disinterested to state purely from memory that a machine operated in a certain way and was constructed in accordance with the specifications of a certain application or patent and thereby overcome the effect of a reference. It would open the door to a very loose and dangerous practice. Just how far the tribunals of the Patent Office may go in requiring drawings, sketches, or more detailed descriptions of such operation or construction in order to comply with the rule, we are not here called upon to decide.

We think the rejection of claim 16 on the Fagan et al. patent was proper under the circumstances.

The remaining claims, Nos. 15 and 18, are directed specifically to the use of a single chain to drive the various work-handling apparatus, whereas the prior art, for the most part, shows intermeshed gears to operate these various old elements. In rejecting these claims, the examiner said:

"Claims 15 and 18 are directed to the drawing of the various rotating mechanisms by a single tensioned chain. In Fagan the mechanisms are driven by intermeshing gears. With reference to claim 18 to substitute a single chain and sprocket drive for the intermeshing gears is not deemed patentable. As an example of a number of shafts driven by a single chain see figure 4 of Regan. Providing the chain with an idler sprocket to be used as a chain

tensioner is a common expedient in chain drives. In substituting a chain drive in Fagan, the recited manner of training the chain as in claim 15 is obvious if the same directions of rotation are to be maintained and to locate the idler sprocket as recited is obvious to maintain the symmetry for purposes of conversion and also to take up the slack between star wheels 71 and 73 since the chain must pass on the inside of each of these star wheels.

"Malmquist and the two patents to Meyer [only one was cited] all show a plurality of co-acting work handling apparatus as recited in claim 18, that is a filling turret and a capping turret. To drive the stations and star wheels by sprockets and a chain is not deemed patentable especially in view of Regan above cited and applied. To provide the chain with an adjustable idler sprocket to take up the slack is a common expedient in chain drives."

Appellant urges that Regan "did not contemplate the timed operation of reversible elements as was contemplated by the appellant" and that the use of a train or gears and pinions, such as shown in Fagan et al., would not perform the function of his assembly, which involves sprocket wheels and a sprocket chain. It is true that, while Fagan et al. disclose the use of a train of gears and pinions, their structure was not operable in a reverse direction. As to these claims, the board said:

"Claims 15 and 18 are directed specifically to the use of a single tension chain to drive the various work handling apparatus whereas the prior art for the most part shows intermeshing gears to operate these various old elements. The use of a single chain drive is shown, (see element 59), in a machine by Regan. We believe the examiner is warranted in his rejection. The substitution of a chain drive for a gear drive does not call for invention in our opinion."

It is our opinion and we so hold that, in view of the prior art suggestions of using a single chain drive, invention did not rest in providing for it in appellant's device as is mentioned in the claims under discussion.

The decision of the board, in all respects, is affirmed.

Affirmed.